Robert S. WILLIAMS, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

STATE OF NEW YORK, Third-Party Defendant.

No. 63 Ad. 653.

United States District Court
S. D. New York.

July 20, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for defendant and third-party plaintiff; Louis E. Greco and Peter Martin Klein, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of New York, for third-party defendant; Mark T. Walsh, New York City, of counsel.

OPINION

HERLANDS, District Judge:

This motion presents a question as to the scope of our jurisdiction over disputes involving a State of the union. Despite the absence of Supreme Court authority directly in point, it seems certain that the district courts have original jurisdiction—regardless of subject matter—over any "civil action, suit or proceeding commenced by the United States" against a State. 28 U.S.C. § 1345; United States v. State of California, 328 F.2d 729 (9th Cir.), cert. denied, 379 U.S. 817, 85 S.Ct. 34, 13 L.Ed.2d 29 (1964). Cf. 28 U.S.C. § 1251(b) (2); United States v. State of Texas, 143 U.S. 621, 12 S.Ct. 488, 36 L.Ed. 285 (1892); Case v. Bowles, 327 U.S. 92, 97, 66 S.Ct. 438, 90 L.Ed. 552 (1946). The question posed here is whether the United States can assert its claim by impleading the State in an action brought by a citizen of another State against the United States.

The State of New York argues alternatively that a State is not a "person" within the meaning of Rule 14 of the Federal Rules of Civil Procedure, the impleader provision; that 28 U.S.C. § 1345[1] does not authorize suit by way of impleader; and that, in any event, the Eleventh Amendment bars the United States from impleading the State. Its position is consistent with the rationale adopted in Parks v. United States, 241

Standard, Weisberg & Harolds, New York City, for plaintiff; Morton J. Heckerling, New York City, of counsel.

---

1. Section 1345 reads as follows:
 "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

F.Supp. 297 (N.D.N.Y.1965),[2] a case substantially on all fours with the present one in regard to the jurisdictional question. Having arrived at a conclusion contrary to that reached in *Parks*, the Court rules that this motion to dismiss for lack of jurisdiction over the person of the State should be, and is hereby, denied.

The pertinent facts may be stated succinctly. Under the Maritime Act of 1958, 46 U.S.C. §§ 1381–88, the United States furnished to the State of New York, in 1959, a vessel now known as the "TS EMPIRE STATE IV" for use as a training ship by the New York State Maritime College. By the terms of the Act, the vessel remained the "property of the United States." 46 U.S.C. § 1382(a) (5).

In 1961, Robert S. Williams, a resident of New Jersey and employed as a seaman aboard the vessel, is alleged to have sustained injuries caused by the unseaworthiness of the vessel and by the negligence of the United States and its agents, servants and employees. By libel filed June 7, 1963, Williams brought suit against the United States in this court under our admiralty jurisdiction, asserting a claim for damages arising from the alleged injuries. Thereafter, by a petition pursuant to Rule 56 of the Supreme Court Admiralty Rules, the United States sought to implead the State of New York. The United States claimed a right of indemnity against the State based upon alleged contractual obligations and warranties.

The State responded with exceptions to the impleading petition. The grounds asserted were that the State was immune under the federal Constitution and as a sovereign, and that the State "cannot be impleaded as a respondent in this action." Apparently, the exceptions were never heard and determined. However, after the merger of the Admiralty Rules

into the Federal Rules of Civil Procedure, District Judge Motley, on motion of the United States and with the consent of the State, ordered that the exceptions filed by the State two and one-half years earlier be deemed a "motion made pursuant to F.R.C.P.Rule 12(b) to dismiss the third-party complaint filed herein for lack of jurisdiction of this Court over the person" of the State. This is the motion presently before the Court.

A preliminary question concerning the Court's subject-matter jurisdiction requires brief discussion. Although the State, third-party defendant here, has not formally raised the issue by motion, it has argued that the Court lacks jurisdiction over the subject matter of the plaintiff's claim, and therefore, also, of the third-party claim. Pointing to the allegation in plaintiff's complaint (libel) that he was "in the employ" of the United States (paragraph "SIXTH") at the time of his accident, the State contends that the plaintiff has pleaded himself out of court under the bar to suit contained in the Federal Employees Compensation Act, 5 U.S.C. § 751 et seq.

Of course, no formal motion is needed to consider the tendered issue. Fed.R.Civ.P. 12(h) (2). The Court concludes, however, on the present record that there exists subject-matter jurisdiction over both the plaintiff's and third-party plaintiff's claims. It seems doubtful that plaintiff's allegation of employment by the United States could deprive this Court of jurisdiction, although it might form a basis—if considered by itself—for dismissal of plaintiff's complaint on the ground of failure to state a claim upon which relief might be granted (Fed.R.Civ.P. 12(b) (2)). In the absence of the disputed allegation, this Court certainly would have jurisdiction of plaintiff's claim under the Public Vessels Act, 46 U.S.C. § 781 et seq. See American Stevedores, Inc. v. Porello, 330

2. The *Parks* decision has been noted and criticized in several law reviews. See 65 Colum.L.Rev. 1506 (1965); 64 Mich.L.

Rev. 948 (1966); 13 U.C.L.A.L.Rev. 433 (1966).

U.S. 446, 453–454, 67 S.Ct. 847, 91 L.Ed. 1011 (1947).

Viewed in the context of the entire complaint—and against the background of the other pleadings in the action—it becomes clear that the question of the precise relationship between the plaintiff and both sovereigns, as well as the relationship between the sovereigns themselves, goes to the very heart of the factual issues posed. Whether the plaintiff has a valid claim against the United States, enforceable by suit in a federal district court, cannot be determined on the face of the pleadings. Plaintiff's allegation that he was in the employ of the United States appears to have been made with a view toward putting the various relationships in issue. Cf. Ryan Stevedoring Co. v. Pan-Atlantic Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). To find an absence of subject-matter jurisdiction on the basis of this allegation would run counter to the Federal Rules and their underlying philosophy.

The question of in personam jurisdiction in this Court over the State of New York on the United States' third-party complaint presents a more difficult problem.

 It is a settled principle that the States of the union, having acceded to the federal constitutional plan, are subject to suit by the United States in the Supreme Court. 28 U.S.C. § 1251 (b) (2); United States v. State of Texas, 143 U.S. 621, 12 S.Ct. 488, 36 L.Ed. 285 (1892). As has been noted earlier, it also seems accepted that the district courts now have concurrent jurisdiction over all such suits irrespective of subject matter. 28 U.S.C. § 1345; United States v. State of California, 328 F.2d 729 (9th Cir.), cert. denied, 379 U.S. 817, 85 S.Ct. 34, 13 L.Ed.2d 29 (1964).

Assuming then that the United States properly may bring an independent action against the State of New York in this Court to assert a claim founded on a right of indemnification, the narrow question presented on this motion is whether that right of indemnification may be asserted in a third-party complaint when the United States has been sued in the district court by a citizen of another State.

Plaintiff presents a preliminary jurisdictional argument that Fed.R.Civ.P. 14, the impleader rule, authorizes service of a third-party complaint only upon a "person," and a State is not a "person" within the meaning of the rule. The Court shall not pause to undo the underlying chain of semantic reasoning though one could easily do so. Indeed, equally compelling contrary contentions may be fashioned from the wording of some of the very same rules and statutes which the State has relied upon. In this instance, however, any "plain meaning" approach to the particular issue raised would be wholly unpersuasive. There is no evidence in the history or articulated purposes of Rule 14 (or former Admiralty Rule 56) which suggests an intent to exclude States from the reach of the impleader provision.

On the contrary, as the Court conceded in Parks v. United States, supra, the purposes served by impleader in litigation involving private parties are no less impressive when invoked to justify the impleading of a State. 241 F.Supp. at 300. This procedure economizes judicial time by avoiding duplicitous litigation of common issues. In doing so, it also avoids the possibility of inconsistent findings on those common issues, which might otherwise result in an unfair hardship upon the third-party plaintiff. Stated in simple terms, impleader bars the third-party defendant from having "two bites at the apple," possibly at the expense of the third-party plaintiff.

██ Consistent with these salutary purposes, the impleader rule has been liberally construed. See British Transport Commission v. United States, 354 U.S. 129, 136–139, 77 S.Ct. 1103, 1 L.

Ed.2d 1234 (1957). On numerous occasions, the United States, as a third-party plaintiff, has brought in a third party who "is or may be liable" to it for "all or a part of the plaintiff's claim" against the United States. See 3 Moore's Federal Practice ¶ 14.29 n. 5 at 762 (1964). Moreover, the Supreme Court has upheld use of the impleader device to bring in the United States as a third-party defendant. United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951). Likewise, State and municipal bodies have been impleaded successfully in the district courts. See Darby v. L. G. De Felice & Son, 94 F.Supp. 535 (E.D.Pa.1950) (Pennsylvania Turnpike Commission); Schetter v. Housing Authority of The City of Erie, 132 F.Supp. 149 (W.D.Pa.1955). In none of these opinions has it been suggested that a sovereign or public body is not a "person" within the meaning of Rule 14.

■■■ Whether a State is a "person" within the meaning of a federal statute or rule "depends upon its legislative environment." Sims v. United States, 359 U.S. 108, 112, 79 S.Ct. 641, 3 L.Ed.2d 667 (1959) Here, the legislative environment of Fed.R.Civ.P. 14 clearly indicates an intendment to reach *any party* who "is or may be liable" to the defendant for some portion of plaintiff's claim. And since the same broad scope is suggested by the "environment" of rescinded Admiralty Rule 56, the rule under which the impleading petition was initiated, no problem is presented here by the change in the rules. British Transport Commission v. United States, supra.

■ A second preliminary argument, articulated by the State for the first time in its reply memorandum, is that the Court lacks statutory jurisdiction of the claim asserted by the United States against New York. The contention is predicated upon the proposition that an impleading petition or third-party complaint does not come within the district court's "original jurisdiction of all civil actions, suits or proceedings commenced by the United States * * *." 28 U.S.C. § 1345.

This proposition falls of its own dead weight. The fact that the United States' claim is "completely dependent upon the plaintiff's claim"—in the sense that there can be no liability by way of indemnity if there is no primary liability—surely does not divest the United States' claim of justiciability. Moreover, there is no historical or other ground for believing that Congress intended to exlude third-party proceedings commenced by the United States from the broad jurisdictional power granted the district courts under Section 1345.

Possible alternative bases of jurisdiction also come to mind. Perhaps the United States' claim, itself, falls within our admiralty and maritime jurisdiction. Cf. American Stevedores v. Porello, 330 U.S. 446, 456, 67 S.Ct. 847, 91 L.Ed. 1011 (1947). Or perhaps, under the merger of the Admiralty Rules into the Federal Rules of Civil Procedure, the doctrine of ancillary jurisdiction would support the United States' claim. See 3 Moore, Federal Practice ¶ 14.26 n. 6 and accompanying text at 703 (1964). But see Fed.R. Civ.P. 82; 3 Moore, Federal Practice ¶ 14.22 nn. 33, 34 and accompanying text at 669 (1964). In any event, having concluded that statutory jurisdiction of the third-party complaint is provided by 28 U.S.C. § 1345, it is not necessary to explore these alternatives, which were neither briefed nor argued by counsel.

We are constrained, therefore, to reach the constitutional objection to our assuming jurisdiction which has been pressed by the State—namely, that allowing the United States to implead the State in a suit brought by a citizen of another state would violate the Eleventh Amendment of the Constitution.

The State argues that, because the United States claims total indemnity from New York on plaintiff's maritime claim against the United States, the "net

effect of impleading the State of New York would be to make the State subject to an admiralty suit by an individual." (N.Y.S.Memo. of Law p. 16.) It is said that use of the impleader device here would thus enlarge the Court's jurisdiction into an area prohibited by the Eleventh Amendment. Indeed, in the State's view, the provision "protects the sanctity of state sovereignty against even being compelled to *appear* defensively in *any* suit *prosecuted* by [an] * * * individual being heard in any federal court." (N.Y.S. Reply Memo. of Law p. 6.)

■■■■ These conclusory contentions fail to withstand analysis. Not only does the present case fall outside the literal scope of the Eleventh ·Amendment, but it also lies outside the boundaries shaped by the Amendment's underlying purposes.

The pertinent language of the provision reads:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State * * *."

What is a suit? Long ago, the Supreme Court defined the term in ruling adversely upon an Eleventh Amendment objection to its appellate jurisdiction over state court decisions.

"We understand it to be prosecution or pursuit of some claim, demand or request; in law language, it· is the prosecution of some demand in a court of justice." Cohens v. Virginia, 19 U.S. 264, 5 L.Ed. 257 (1821).

Later, in concluding that the immunity extends to suits in admiralty, the Supreme Court observed:

"As to what is to be deemed a suit against a State * * * it is now established that the question is to be determined not by the mere names of the titular parties but by the essential nature and effect of the proceeding, as it appears from the entire record." Ex parte New York, 256 U.S. 490, 500, 41 S.Ct. 588, 590, 65 L.Ed. 1057 (1921).

It follows, then, that initially, at least, our inquiry should be directed to two questions: What is the "nature and effect" of the impleader proceeding? And specifically, what, in substance, is demanded here by the plaintiff—an individual—of the third-party defendant—a State?

■■■■ Impleader permits a common adjudication of issues common to separate claims—one asserted by the plaintiff against the defendant, and the other asserted by the defendant, as third-party plaintiff, against the third-party defendant. Under Fed.R.Civ.P. 14(a), unless the plaintiff amends his complaint, no demand is made by or on behalf of the plaintiff against the third-party defendant, and no judgment against the third-party defendant can run in favor of the original plaintiff. In admiralty suits, a broader rule prevails—the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff. See Fed.R.Civ.P. 14(c); Admiralty Rule 56 (rescinded).

■■■■ Although the impleading petition here calls upon the State to answer the libel as well as the petition, the prayer for relief contains no demand for judgment against the State in favor of the original plaintiff. It would seem, then, that by calling upon the State to answer the libel, the United States was merely attempting to plead the predicate of its indemnity claim—i. e., its own potential underlying liability to the plaintiff. In any event, as the United States concedes on the present motion, the third-party complaint here cannot expose the State to liability to the original plaintiff unless the State consents to suit or otherwise waives its rights under the Eleventh Amendment. Because no such consent or waiver has been shown here, permitting the United States to implead the State cannot result in a judgment

against the State in favor of the original plaintiff.

■ Is the "nature and effect" of an impleader proceeding nevertheless such that bringing in the State as a third-party defendant would violate the Eleventh Amendment? The State observes that, even assuming it may protect itself from direct liability to the plaintiff, impleader would result in its being bound by the adjudication of plaintiff's claim against the United States. Quoting from Parks v. United States, supra, the State also notes that "it will be engaged in the pre-trial and trial proceedings to the same extent" as though it were subject to suit by the plaintiff directly. 241 F.Supp. at 299.

In the Court's view, these contentions fail to add a constitutional dimension to the State's argument. Quite probably the original plaintiff and the State will be taking opposite positions with respect to the issues arising under plaintiff's claim against the United States. The State will attempt to defeat that claim, not because it can result in a judgment against the State in favor of the plaintiff, but because it represents a possible measure of the State's alleged liability on the distinct claim of the United States for indemnification. The original plaintiff has no monetary interest whatever in this third-party claim. He seeks no judgment here against the State, and would gain no advantage of any kind from a judgment against the State in favor of the United States. In sum, his tactical posture as an ostensible adversary of the State vis-à-vis the question of the primary liability of the United States is neither of his own doing, nor to his benefit. In circumstances involving another kind of immunity between plaintiff and third-party defendant, the Su-

preme Court has held that impleader does not violate the immunity.

In light of these circumstances, and the unquestioned proposition that the State may be sued by the United States in a separate action in this Court, we can find no substantial basis in the purposes served by the Eleventh Amendment that would justify a prohibition against the present impleader procedure. Indeed, at a time when cooperation between State and federal agencies is rapidly expanding, such a prohibition would serve only to impede unnecessarily the fair and expeditious adjudication of disputed rights and obligations arising under joint State-federal projects. In arriving at this conclusion on the State's constitutional objection to impleader, the Court has not found it necessary to rely upon any theory of consent growing out of the particular State activities involved in this case. See, e. g., Parden v. Terminal Ry. of Alabama, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964). Nor, indeed, do we mean to intimate any opinion as to the merit of the United States' claim against the State of New York.

■ We note, finally, New York's suggestion that the Court exercise its discretion to deny impleader, and thereby avoid the constitutional objection to our jurisdiction which the State has tendered. However, having ruled adversely on this objection, and having been offered no other reason for denying impleader here, the Court would abuse its discretion were it to strike the third-party complaint in this case. Of course, upon a showing that there exists a sufficient risk of confusion or prejudice, the Court can order that particular issues be tried separately. Fed.R.Civ.P. 14(a).

Third-party defendant's motion to dismiss denied. So ordered.