**Burma Y. LEE, Plaintiff,**

v.

**Roger K. BROOKS, Dorothy Tani and United States of America, Defendants.**

**Roger K. BROOKS and United States of America, Third-Party Plaintiffs,**

v.

**STATE OF HAWAII, Third-Party Defendant.**

**Caitilin J. EMBREE, formerly known as Caitilin J. Herrick, Plaintiff,**

v.

**Roger K. BROOKS, Dorothy Tani and United States of America, Defendants.**

**Civ. Nos. 3034, 3065.**

United States District Court, D. Hawaii.

Aug. 5, 1970.

730

Walter Chuck, Ken Harimoto, Honolulu, Hawaii, for Burma Y. Lee; Chuck & Fujiyama, Honolulu, Hawaii, of counsel.

Jerrold M. Bell, Honolulu, Hawaii, for Caitilin J. Embree; Heen, Kai & Dodge, Honolulu, Hawaii, of counsel.

Robert K. Fukuda, U. S. Atty., for defendants and third-party plaintiffs Roger K. Brooks and United States of America.

Edmund Burke, William R. Loomis, for defendant Dorothy Tani, Henshaw, Conroy & Hamilton, Honolulu, Hawaii, of counsel.

Bertram T. Kanbara, Atty. Gen. of Hawaii, Thomas M. Piko, Jr., Deputy Atty. Gen., Honolulu, Hawaii, for the State of Hawaii.

## DECISION ON STATE OF HAWAII'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

PENCE, Chief Judge.

Here a collision between automobiles has resulted in a collision between sovereigns. One vehicle was driven by Roger Brooks, a U. S. Marine, in the course of his Federal employment. The other was driven by one Dorothy Tani, and was occupied by plaintiffs Burma Lee and Caitilin Embree, all of whom were in the course of their employment with the State of Hawaii.[1]

The plaintiffs sued the United States and Brooks under the Federal Tort Claims Act.[2] Each of these defendants have joined the State of Hawaii as a Third-Party Defendant. The State here moves the Court, alternatively, to dismiss for lack of jurisdiction or to grant summary judgment. The basis of the motion to dismiss is "that this court lacks jurisdiction of the subject matter and of the person of the State of Hawaii for the reason that the State has not and does not waive its sovereign immunity as to the claims set forth in the Third-Party Complaint." The motion for summary judgment is based on the assertion that the Third-Party Plaintiffs are not entitled to contribution of indemnity from the State. These contentions will be taken up in order.

### Motion to Dismiss

■ As concerns Third-Party Plaintiff Brooks, the motion is granted. The Eleventh Amendment to the United States Constitution[3] protects the State of Hawaii from this suit by Brooks whether he be a citizen of another state[4] or of Hawaii.[5]

As concerns Third-Party Plaintiff United States, the motion is not so easi-

---

1. The accident occurred in the District of Hawaii on October 9, 1967.

2. 28 U.S.C. §§ 1346(b), 2671 et seq.

3. "The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

4. Petty v. Tennessee-Missouri Bridge Commission, 8 Cir., 1958, 254 F.2d 857, rev'd on other grounds, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804.

5. Fitts v. McGhee, 1899, 172 U.S. 516, 524, 19 S.Ct. 269, 43 L.Ed. 535.

ly disposed of. The State asserts that it may not, without its consent, be held to answer as Third-Party Defendant in this forum; rather, the State urges, it may be sued only in its own courts. The United States asserts a paramount right to bring this suit in Federal Court. There appears to be little pertinent authority on this question.

In United States v. State of Arizona, 9 Cir., 1954, 214 F.2d 389, as here, were presented both a jurisdictional issue—whether the United States could implead the State of Arizona as a Third-Party Defendant in Federal Court—and an issue as to liability—whether the United States was entitled to contribution from Arizona. Noting that an important constitutional question was presented, the Ninth Circuit chose to avoid decision on the jurisdictional question,[6] and held that, even if jurisdiction were assumed to exist, Arizona was not liable to the United States for indemnity. Manifestly, the Ninth Circuit evinced "little enthusiasm"[7] for the existence of jurisdiction. Yet the question of jurisdiction was left open by the Ninth Circuit and, apparently, has not been decided by any other Federal Appellate court.

In *Parks* (fn. 7), the United States sought to implead the State of New York in a Federal Tort Claims Act suit brought by a New York citizen. The court there held that jurisdiction over the State did not exist. The court noted

that authority "firmly establish[es] jurisdiction in a United States District Court to entertain suits commenced by the United States against a state, regardless of the subject of the controversy",[8] citing United States v. California, 9 Cir., 1964, 328 F.2d 729, cert. denied 379 U.S. 817, 85 S.Ct. 34, 13 L.Ed.2d 29. The court did not, however, think that a third-party complaint "commenced" a suit within the meaning of 28 U.S.C. § 1345.[9] Secondly, the court held that Rule 14(a),[10] F.R.Civ.P., which allows the impleader of a "person", does not allow the impleader of a state. The court then went on to express the view that to allow the United States to implead the State would result in an involuntary waiver of sovereign immunity, since the State would, in effect, be held to answer to one of its citizens.

The *Parks* decision has been extensively criticized in three law review notes.[11] Another district court has also reached a contrary result. Williams v. United States, S.D.N.Y., 1967, 42 F.R.D. 609, held that a state was an impleadable "person" within the meaning of Rule 14(a),[12] and that a third-party complaint is a suit "commenced" by the United States within the meaning of 28 U.S.C. § 1345.[13] The court then rejected the State's constitutional argument:

"The State observes that, even assuming it may protect itself from direct liability to the plaintiff, impleader

---

6. "It is quite possible that the district court did make the decision on the jurisdictional ground * * *. As pointed out later in the opinion, this court chooses not to pass on the question. It has constitutional aspects of the kind that this court should not run out to meet unless meeting them is necessary to a decision." 214 F.2d at 393, fn. 4.

7. Parks v. United States, N.D.N.Y., 1965, 241 F.Supp. 297, 298.

8. *Id.* at 299.

9. "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the

United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

10. "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

11. 64 Mich.L.Rev. 948; 65 Colum.L.Rev. 1506; 13 U.C.L.A. L.Rev. 433.

12. 42 F.R.D. at 613–614.

13. *Id.* at 614.

would result in its being bound by the adjudication of plaintiff's claim against the United States. * * *

"In the Court's view, these contentions fail to add a constitutional dimension to the State's argument * * *. The original plaintiff has no monetary interest whatever in this third-party claim. He seeks no judgment here against the State, and would gain no advantage of any kind from a judgment against the State in favor of the United States. In sum, his tactical posture as an ostensible adversary of the State vis-a-vis the question of the primary liability of the United States is neither of his own doing, nor to his own benefit. In circumstances involving another kind of immunity between plaintiff and third-party defendant, the Supreme Court has held that impleader does not violate the immunity.

"In light of these circumstances, and the unquestioned proposition that the State may be sued by the United States in a separate action in this Court, we can find no substantial basis in the purposes served by the Eleventh Amendment that would justify a prohibition against the present impleader procedure." 42 F.R.D. at 616.

■ Like the two district courts which have been confronted with this problem, this court feels constrained to decide the constitutional question. The reasoning of the *Williams* court appears sound, and adopting that rationale, this court also holds that this court has jurisdiction over the United States' third-party claim against the State of Hawaii. The State's Motion to Dismiss for lack of jurisdiction is denied.

*Motion for Summary Judgment*

■ It cannot be determined with certainty whether the United States' third-party complaint against the State asserts liability merely on the basis of a right to contribution among joint tort-feasors, or on the basis of a right to indemnity as well. Giving the third-party complaint its broadest reading, however, it appears that the United States has no grounds for a claim of indemnity. As concerns the collision between the State and Federal vehicles, the United States and the State were in no contractual or quasi-contractual relationship. There is authority for the existence of a right of indemnity under *other* circumstances, but no such circumstances exist here as are found in United Airlines, Inc. v. Wiener, 9 Cir., 1964, 335 F.2d 379, 398–399. (See also Wien Alaska Airlines, Inc. v. United States, 9 Cir., 1967, 375 F.2d 736.)

■■ As concerns the claim for contribution, the law is equally clear.[14] The Hawaii Supreme Court in Tamashiro v. De Gama, 1969, 51 Haw. 74, 450 P.2d 998, and Petersen v. City and County of Honolulu, 1969, 51 Haw. 484, 462 P.2d 1007, has decided that no right to contribution exists unless the party from whom contribution is sought is directly liable to the plaintiff. There is no such liability in this case. The plaintiffs are employees of the State of Hawaii. Their exclusive remedy against the State is their right to Workmen's Compensation. Hawaii Revised Statutes, Sec. 386–5. There being no underlying liability of the State to the plaintiffs, the United States' claim for contribution from the State must fail.

The State's Motion for Summary Judgment is granted.

---

14. It is clear that the United States' right to recovery is controlled by Hawaii State law. United States v. State of Arizona, *supra.*