Tedd F. RICHARDSON, d/b/a Stockman's Cattle Company, Appellant,

v.

DUNLAP LIVESTOCK AUCTION, INC., Appellee.

No. 55865.

Supreme Court of Iowa.

Sept. 19, 1973.

Raun & Franck, and Mundt & Nepper, Denison, for appellant.

Reimer & Vipond, Denison, for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REES and UHLENHOPP, JJ.

UHLENHOPP, Justice.

In this case we must decide whether the defendant can take advantage of a prior adjudication against the plaintiff.

Plaintiff Tedd F. Richardson held a mortgage on cattle owned by Clarence A. Neppl. Neppl sold some of the cattle to Harold Stender and Burdell Jensen through the auction ring of Dunlap Livestock Auction, Inc. Neppl did not remit the proceeds of the sales to Richardson.

Richardson sued Neppl, Stender, and Jensen (and others not involved here) to foreclose his mortgage. Neppl defaulted, but Stender and Jensen defended on the ground that Richardson consented to the sales of the cattle. Stender and Jensen also brought in Dunlap as a third-party defendant and asked for judgment over against Dunlap in the event they were held liable to Richardson. In its answer to Stender and Jensen, Dunlap admitted its liability to them if they were held liable to Richardson.

After trial of that lawsuit, the district court found Richardson did consent to the sales and accordingly entered judgment for Stender and Jensen. But the court also rendered judgment for Richardson against Dunlap, although Richardson had not pleaded conversion, or asked personal judgment, against Dunlap.

Dunlap moved for a new trial (as well as for other relief), and Richardson moved for permission to amend his petition to allege conversion and ask judgment against Dunlap. The district court sustained Dunlap's motion for new trial as well as Richardson's motion to amend.

Richardson then appealed and Dunlap cross-appealed. This court dismissed Richardson's appeal as untimely taken. On the cross-appeal the court affirmed the orders sustaining Dunlap's motion for new trial and Richardson's motion to amend, and directed, "The cause is remanded for further proceedings in the trial court." Richardson v. Neppl, 182 N.W.2d 384, 390 (Iowa).

Thereafter in district court, Richardson recast his petition, alleged that Dunlap converted the cattle, and asked judgment against Dunlap. Dunlap answered, averring as a fact that the district court found in the original decree Richardson consented to the sales and averring as a legal conclusion that the consent issue was thus adjudicated. Richardson replied admitting the averments of fact but denying the legal conclusion of prior adjudication.

Dunlap then moved for judgment on the pleadings, asserting res judicata on the consent issue. The trial court sustained the motion, and Richardson appealed.

The appeal presents three main questions. Does consent by Richardson to the sales, if established, constitute a defense to Dunlap? Did the grant of a new trial between Richardson and Dunlap open up the adjudication of consent in the judgment in favor of Stender and Jensen? Can Dunlap take advantage of that judgment?

■ I. *Consent as Defense to Dunlap*. The first question must be answered in the affirmative. Ontario Livestock Commission Co. v. Flynn, 256 Iowa 116, 126 N.W. 2d 362. See also Lisbon Bank & Trust Co. v. Murray, 206 N.W.2d 96 (Iowa).

■ II. *Effect of New Trial Grant*. Richardson claims that the defense of res judicata on the consent issue is not available to Dunlap because Richardson was granted a new trial against Dunlap. Richardson argues, correctly, that when a new trial is ordered between two parties, neither of them can assert the original judgment between them as res judicata, and the issues between them stand for trial anew. Seevers v. Cleveland Coal Co., 166 Iowa 284, 147 N.W. 761.

But Richardson misapplies that rule. Had the district court granted a new trial among all parties, then on retrial between any of them the consent issue would have been open for redetermination. The district court did not, however, order a new trial between plaintiff Richardson and defendants Stender and Jensen, and the judgment between those parties stands. The nonliability of Stender and Jensen cannot be questioned in an action by Richardson against those parties or against Dunlap. Barker v. Barrett, 145 Pa.Super. 22, 20 A. D.2d 812.

The district court did grant a new trial between Richardson and Dunlap. But that was not a "new" trial in an accurate sense; it was really a first trial between those parties on the claim of conversion and personal liability of Dunlap. At the time of original trial, Richardson had not pleaded conversion or asked personal judgment against Dunlap, and the pleadings did not permit the district court to grant Richardson the judgment it awarded against Dunlap. United States v. Lushbough, 200 F.2d 717 (8 Cir.); Williams v. United States, 42 F.R.D. 609 (S.D.N.Y.). The district court rectified its error by permitting Richardson to amend his pleadings and by ordering a "new" trial between Richardson and Dunlap.

■ Thus the actual situation was that Richardson first sued Stender, Jensen, and others to foreclose and was defeated, and then sued Dunlap for conversion. In the latter suit, the rule of new trials that all issues stand for trial anew was inapplicable because no such trial between Richardson and Dunlap for conversion and personal judgment had occurred in the first place. Richardson was free of course to assert his conversion claim as a new action against Dunlap—but subject to any defenses Dunlap might have arising from the unvacated judgment for Stender and Jensen in Richardson's first suit. The real question, therefore, is whether Dunlap can take advantage of the adjudication in Richardson's suit against Stender and Jensen that Richardson did consent to the sales of the cattle.

■ III. *Availability of Res Judicata to Dunlap*. The case presents a classic illustration of defensive issue preclusion, a doctrine which we adopted in Goolsby v. Derby, 189 N.W.2d 909 (Iowa). All three elements are present: identity of the consent issue, full opportunity by Richardson to litigate that issue in the previous suit, and actual adjudication of the issue in that suit. Richardson had his day in court on the question of consent, and further litigation of that issue is precluded between Stender and Jensen and him and also between Dunlap and him.

The trial court was right in ruling for Dunlap on its motion for judgment on the pleadings.

Affirmed.