Elsworth L. SPANGLER, Plaintiff,

v.

UNITED STATES of America, Defendant.

Charles O. SPANGLER, Plaintiff,

v.

UNITED STATES of America, Defendant.

Ronald SPANGLER et al., Plaintiff,

v.

UNITED STATES of America, Defendant.

Connie SPANGLER et al., Plaintiff,

v.

UNITED STATES of America, Defendant.

Nos. 2390, 2396–2398.

United States District Court
S. D. Ohio, W. D.
June 9, 1960.

Saxbe, Boyd & Prine, Columbus, Ohio, by Gerald A. Donahue, Columbus, Ohio, for plaintiffs.

Hugh K. Martin, U. S. Atty., H. Donald Hawkins, Asst. U. S. Atty., Dayton, Ohio, for defendant.

WEINMAN, District Judge.

The sole issue involved in this controversy is whether or not a person engaged in training with a National Guard Unit during the two week active duty for training period provided for in Title 10 U.S.C.A. § 672(b) and Title 32 U.S.C.A. § 502(a) is an employee of the United States Government within the meaning of Title 28 U.S.C.A. § 1346(b), the Federal Tort Claims Act.[1]

Title 28 U.S.C.A. § 1346(b) provides:

"Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

The United States Government filed motions for summary judgment supported by affidavits in Civil Actions Numbered 2390, 2396, 2397 and 2398. The motions and affidavits aver that Sergeant James Lee Dickey, whose alleged negligence in operating a motor vehicle gave rise to these actions, was at the time of the accident involved in these suits on active duty for training with Battery B, 174th Field Artillery Battal-

---

1. The statutes cited in the body of this decision are those considered most relevant by the Court. However, the Court gave due consideration to all other stat- utes relied upon by plaintiffs, viz.: Title 10 U.S.C.A. § 101(22), (24) and (31), Title 32 U.S.C.A. § 503 and Title 37 U.S. C.A. § 301.

ion, Ohio National Guard. Plaintiffs and the Government agree that neither Sergeant Dickey, nor the organization of which he was a member, had been ordered into the regular Armed Forces of the United States.

It should be noted that plaintiffs do not dispute the existing law: i. e., plaintiffs would have no cause of action if the National Guard Unit of which Sergeant Dickey was a member had been engaged purely in a state activity. See Dover v. United States, 5 Cir., 1951, 192 F.2d 431 and Williams v. United States, 10 Cir., 1951, 189 F.2d 607.

It is plaintiffs' contention that since the unit of the Ohio National Guard of which Sergeant Dickey was a member was on the two week active duty for training period, Sergeant Dickey was, during that two week period, an employee of the Federal Government within the terms of the Federal Tort Claims Act.

Plaintiffs argue that the Federal Government is liable because Title 10 U.S.C.A. § 101(22) reads as follows:

"'Active duty' means full-time duty in the active military service of the United States. It includes duty on the active list, full-time training duty, annual training duty * * *."

Plaintiffs reason that Sergeant Dickey was on active duty and therefore was an employee of the United States Government within the meaning of the Federal Tort Claims Act.

At this point it becomes necessary to examine several statutes:

Title 10 U.S.C.A. § 3495 provides:

"Members of the Army National Guard of the United States are not in active Federal service except when ordered thereto under law."

Title 10 U.S.C.A. § 3500 provides:

"Whenever—

"(1) the United States, or any of the Territories, Commonwealths, or possessions, is invaded or is in danger of invasion by a foreign nation;

"(2) there is a rebellion or danger of a rebellion against the au-

thority of the Government of the United States; or

"(3) the President is unable with the regular forces to execute the laws of the United States;

"the President may call into Federal service members and units of the Army National Guard of any State or Territory, Puerto Rico, the Canal Zone, or the District of Columbia in such numbers as he considers necessary to repel the invasion, suppress the rebellion, or execute those laws. Orders for these purposes shall be issued through the governors of the States, the Territories, Puerto Rico, and the Canal Zone, and, in the District of Columbia, through the commanding general of the National Guard of the District of Columbia."

Title 50 U.S.C.A.Appendix, § 451(d) provides:

"The Congress further declares, in accordance with our traditional military policy as expressed in the National Defense Act of 1916, as amended, that it is essential that the strength and organization of the National Guard, both Ground and Air, as an integral part of the first line defenses of this Nation, be at all times maintained and assured.

"To this end, it is the intent of the Congress that whenever Congress shall determine that units and organizations are needed for the national security in excess of those of the Regular components of the Ground Forces and the Air Forces, and those in active service under this title sections [451–454 and 455–471 of this Appendix,] the National Guard of the United States, both Ground and Air, or such part thereof as may be necessary, together with such units of the Reserve Components as are necessary for a balanced force, shall be ordered to active Federal service and continued therein so long as such necessity exists."

After examining the above quoted statutes, the Court answers plaintiffs' argument by noting that Title 10 U.S.C.A. §§ 3495 and 3500 and Title 50 U.S.C.A. Appendix, § 451 speak of "active Federal service" and "Federal service" and not "active duty." The fact that plaintiff was on active duty is not equivalent to being in "active Federal service."

This Court is led to the conclusion that a member of the National Guard, which has not been ordered into the active Federal service, even during the two week active duty for training period as provided for in Title 10 U.S.C.A. § 672 (b) and Title 32 U.S.C.A. § 502(a), is not an employee of the United States Government so as to render the Government liable for his negligence under the Federal Tort Claims Act.

It is therefore Ordered, Adjudged and Decreed that defendant's motions for summary judgment in Civil Actions Numbered 2390, 2396, 2397 and 2398 should be and they hereby are sustained.