David L. RUSSELL, Administrator of the Estate of Cynthia G. Russell, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. IP 84–835–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 28, 1986.

As Amended Feb. 5, 1986.

L. Mark Bailey, D. Bruce Kehoe, Indianapolis, Ind., for plaintiff.

Jeffrey L. Hunter, Asst. U.S. Atty., Indianapolis, Ind., for defendant.

## MEMORANDUM ENTRY

NOLAND, Chief Judge.

Before this Court is the defendant's motion for summary judgment on the negligence claim filed against it by David Russell.[1] The Court heard oral argument on the motion, and, for the reasons stated herein, grants the defendant's motion and hereby enters judgment in favor of the defendant, the United States of America.

The defendant has challenged the plaintiff's complaint on three grounds. First, the defendant alleges that as a sovereign authority, it has not waived its sovereign immunity and is therefore not susceptible to suit in this Court. Secondly, the defendant alleges that because of the earlier state court litigation related to this case, the doctrines of res judicata and collateral estoppel bar the plaintiff's present cause of action.[2] Finally, the defendant alleges that, as a matter of law, it is entitled to a judgment in its favor.

I. *Factual and Procedural Background*

For the purposes of this motion for summary judgment, this Court must construe

---

1. David Russell is the administrator of the estate of Cynthia Russell, the operator of an automobile involved in the accident that gave rise to this action. Cynthia Russell died as a result of that accident.

2. The plaintiff filed a negligence claim in Indiana state court against the Indiana National Guard and Jerry Hale, a sergeant in the Indiana National Guard and the operator of the other vehicle involved in the aforementioned accident. The final judgment rendered in that case is pertinent to the instant case and will be addressed subsequently.

the facts in a light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam). The following facts are not disputed by the parties.

On February 5, 1981, at approximately 10:00 a.m., on a clear dry morning, a westbound vehicle collided with a northbound vehicle at an intersection in central Indiana. The roadways and the surrounding topography are flat and were without foliage or other significant obstructions on the date in question. Jerry Hale of the Indiana National Guard was operating the westbound vehicle at the posted speed limit of 55 m.p.h., and Cynthia Russell was operating the northbound vehicle. Hale's vehicle was a commercially produced one and one-quarter ton Dodge pickup truck with the bottom half of the body painted in a green, gold, black and white "camouflage" configuration in accordance with National Guard Bureau and Department of the Army Regulations; the top half was covered with a plain green canvas. The truck possessed all necessary equipment for highway use and no efforts were undertaken to alter the light reflecting surfaces or the shape of the vehicle in any way.

The traffic at the relevant intersection was controlled by a stop sign. This sign obligated the northbound vehicle to stop, but did not restrict or affect the westbound vehicle; thus, Hale, in operating the National Guard vehicle, had the legal right of way. This accident was caused when Mrs. Russell advanced into the path of Hale's vehicle.

Mr. Russell filed a wrongful death action against Hale and the Indiana National Guard in state court alleging that Hale was negligent in the operation of the National Guard vehicle, and that the Indiana National Guard was negligent in painting the camouflage pattern on the vehicle as such pattern "subdued" the visibility of the truck. Upon the close of the plaintiff's evidence at trial, the trial court judge granted the defendant's motion for judgment on the evidence on all counts. *Russell v. Hale, et al.*, No. 81/451, slip op. (Del.Cir.Ct., June 9, 1982).[3] On appeal, the circuit court's decision was unanimously affirmed in its entirety. *Russell v. Hale,* 453 N.E.2d 1201, slip op. at 11 (Ind.App., 1983).[4]

Undeterred by these unequivocal setbacks, the plaintiff refashioned his complaint and filed it with the United States Department of the Army. On February 23, 1981, the Department of the Army rejected his claim, and the plaintiff proceeded to file his complaint in this Court. The complaint before this Court alleges that the United States was negligent both in painting the vehicle in such a manner so as to intentionally conceal its presence, and for allowing a vehicle painted in this fashion to be operated on the public roadways. More specifically, the plaintiff contends that the United States breached its statutory duty to Mrs. Russell to maintain the visibility of its vehicles on the roadway.

## II. *Discussion*

Summary judgment should be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This Court concludes that no genuine issue of material fact exists and that, as a conclusion of law, the United States is entitled to a judgment in its favor.

### A. *Waiver of Sovereign Immunity*

█ It is a well established principle of law that the United States may not be sued without its consent. *United States v.*

---

3. A review of the trial court transcript submitted to this court indicates that the trial judge found no evidence to indicate that the defendants (Jerry Hale and the Indiana National Guard) were negligent. Moreover, the trial judge explicitly found that Mrs. Russell was contributorily negligent.

4. With regard to the alleged negligence of the Indiana National Guard, the appellate court concluded that Russell failed to introduce any evidence that the National Guard had breached its duty of care to Mrs. Russell by permitting the camouflaged vehicle to be operated on the highway. *Russell,* 453 N.E.2d 1201, slip op. at 8–9.

*Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). In the sphere of tort law, the United States has provided a limited statutory waiver of its sovereign immunity pursuant to the Federal Tort Claims Act (FTCA). 28 U.S.C. §§ 1346, 2671–80 (1982). The FTCA provides:

> the district courts ... have exclusive jurisdiction of civil actions on claims against the United States, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (1982). The statute and subsequent case law clearly indicate that the United States cannot be held civilly liable unless the tort-feasor is an employee of the federal government. *United States v. Orleans,* 425 U.S. 807, 813–15, 96 S.Ct. 1971, 1975–76, 48 L.Ed.2d 390 (1976). Therefore, in order to recover under the FTCA, a plaintiff must establish that the injurious conduct was perpetrated by an employee of the United States.

On the date that this claim arose, February 5, 1981, the status of state national guard personnel was settled. The case law held that a member of the national guard was not an employee of the federal government within the meaning of the FTCA, unless such party was engaged in active service for the federal government. *United States v. Prager,* 251 F.2d 266, 267 (5th Cir.), *cert. denied,* 356 U.S. 939, 78 S.Ct. 781, 2 L.Ed.2d 814 (1958). The plaintiff has neither alleged nor argued that Sergeant Hale was in active service for the federal government at the time of the accident. Furthermore, although the FTCA was subsequently amended to include members of the National Guard as employees of the United States, 28 U.S.C. § 2671 (1982), that amendment applied only with respect to claims arising on, or after, December 29, 1981. Act of Dec. 29, 1981, Pub.L. No. 97–124, § 4, 95 Stat. 1666 (1981). There-fore, on February 5, 1981, Jerry Hale was not an employee of the United States and his alleged negligence on that date could not constitute a waiver of sovereign immunity pursuant to the FTCA. For these reasons, the actions of Jerry Hale on that date cannot inculpate the United States in this instance.

### B. *Collateral Estoppel and Res Judicata*

■ The concepts of collateral estoppel and res judicata are commonly lumped together even though they involve distinct principles. Collateral estoppel, or issue preclusion, refers to the conclusive effect given an issue of fact or law that was actually litigated and resolved by a final judgment in a previous litigation between the parties. Wright, *The Law of Federal Courts,* § 100A (4th ed. 1983). True res judicata, or claim preclusion, on the other hand, bars the litigation of claims that were not previously litigated between the parties but "should have been advanced in the earlier suit." *Id.*

In federal court, the res judicata and collateral estoppel effect that attaches to a prior state court decision is controlled by state law. *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Therefore, this Court must look to Indiana law to determine the preclusive effect of the earlier Indiana state court decision in this case. A succinct statement of the necessary elements to establish the preclusivity of a prior judgment under Indiana law is found in *Peterson v. Culver,* 402 N.E.2d 448 (Ind.App.1980).

> (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter now in issue was, or might have been determined in the former suit; (3) the particular controversy adjudicated in the former action must have been between the parties to the present suit or their privies; and (4) the judgment in the former suit must have been rendered on the merits.

*Id.* at 460.

In the instant suit, the only one of these elements that appears to be lacking is the

"identity of the parties" element. The United States was not a party to the prior state court suit because the FTCA reserves exclusive jurisdiction over negligence claims against the United States for the federal district courts. 28 U.S.C. § 1346(b) (1982). Furthermore, the United States does not qualify under the "or their privies" exception provided in item 3 above because the necessary mutuality of estoppel element is absent from the prior state court judgment.[5]

There is, however, one exception to the requirement of mutuality that is particularly pertinent to this case. If the liability of a defendant in a subsequent suit is reasonably dependent on the culpability of a person that has been exonerated in a prior suit on the same facts by the same plaintiff, then mutuality of estoppel is not required. *Tobin v. McClellan*, 225 Ind. 335, 346, 73 N.E.2d 679, 684 (1947). *See also Indiana State Highway Commission v. Speidel*, 181 Ind.App. 448, 456 n. 6, 392 N.E.2d 1172, 1177 n. 6 (1979); *Mayhew v. Deister*, 144 Ind.App. 111, 122, 244 N.E.2d 448, 454 (1962). Therefore, because the Indiana National Guard and Jerry Hale were both exonerated in the previous state court judgment, the liability of the United States cannot be premised upon the conduct of either of the former defendants.

### C. Conduct of the United States as the Basis for Liability

In his brief and oral argument to this Court, the plaintiff attempted to circumvent the aforementioned jurisdictional and res judicata bars by reconstruing the theory of his complaint and focusing on the United States. The plaintiff argued that the United States, by painting the vehicle in a camouflage pattern, had violated a "duty of visibility" that it owed to Indiana highway travelers.

### 1. Strict Liability

In its bare form, the plaintiff's complaint alleges that the employees of United States were negligent in painting the camouflage pattern on the vehicle because such design rendered the vehicle unreasonably dangerous. In *Mann v. United States*, 294 F.Supp. 691 (E.D.Tenn.1968), the federal district court for the Eastern District of Tennessee faced a similar allegation. In that case the court reasoned that "[t]his is an abortive attempt on the part of the plaintiff to plead liability of the defendant without fault. Such a theory cannot provide the basis of liability on the part of the national sovereign. *Dalehite v. United States*, 346 U.S. 15, 45, 73 S.Ct. 956, [972,] 97 L.Ed. 1427." *Mann*, at 694 n. 10. The *Dalehite* and *Mann* cases dictate that the FTCA does not encompass remedies premised upon a theory of strict liability; therefore, if the plaintiff's complaint is to survive, it must do so under a theory of negligence.

### 2. Negligent Conduct of the United States

It is classic hornbook law that in order to recover pursuant to a tort law negligence theory, the plaintiff must show that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that such breach was the proximate cause of the plaintiff's injury. The plaintiff in the instant case is unable to satisfy these three elements and therefore is susceptible to a summary judgment against him.

The plaintiff cites a number of Indiana statutes and army regulations to impose upon the United States a duty to make its vehicles visible.[6] Construing these provisions in the plaintiff's favor, motorists appear to have an affirmative duty to make

---

**5.** In Indiana, a prior judgment has no preclusive effect unless the party asserting the preclusivity doctrine would have been bound by that same adjudication—mutually estopped—had the judgment gone against him. *Burtrum v. Wheeler*, 440 N.E.2d 1147, 1150 (Ind.App.1982). Because the United States would not have been bound by that prior state court decision, they do not quali-

fy as a party "in privity" with Jerry Hale and the Indiana National Guard in the previous suit.

**6.** The Indiana statutes cited by the plaintiff are Ind.Code §§ 9–8–6–1 to –32 (1982). The army regulations (AR) cited by the plaintiff are AR 55–29, AR 55–29 §§ 7c, 7e, and AR 385–55 § 2–16.

their vehicles visible under certain circumstances when such vehicles might not be otherwise visible. The duty imposed by these statutes and regulations, however, is narrowly drawn to address only the headlamp and other illuminating device requirements for specific vehicles operated on the public roadways. Because this accident occurred in broad daylight on a clear day, artificial illuminating devices were not necessary to achieve "visibility." Moreover, the plaintiff has not alleged that the lighting on the vehicle was deficient in any way, or that it was in violation of the aforementioned statutes and regulations. For these reasons, the defendant was not in breach of any "duty of visibility" that rationally could be inferred from the statutes and regulations cited.

██ In his brief to this Court, the plaintiff tendered a second and slightly different theory, arguing that the United States owed a more general duty to the decedent, a duty to provide proper instruction on how to make its camouflaged vehicles "more visible." [7] The plaintiff derived this duty from the lighting statutes and regulations discussed above. The plaintiff cited no other authority to support the imposition of this burdensome responsibility, and this Court was unable to locate any such authority independently. This Court believes that the imposition of such a duty on the United States is not only an unwarranted extension of the FTCA, but an unreasonable perversion of basic tort law principles. Therefore, this Court concludes, as a matter of law, that the United States does not have a duty to instruct potential vehicle operators on how to make the government's camouflaged vehicles "more visible." Thus, this alternative construction of the plaintiff's complaint also fails as it has not stated any duty that the United States owed the decedent.

██ Finally, the plaintiff failed to establish that the camouflage pattern was the proximate cause of the accident in the state court. *Russell v. Hale*, 453 N.E.2d 1201, slip op. at 9–11 (Ind.App., 1983). The vehicle in question was a standard pickup truck traveling down an open, unobstructed flat road at 10:00 a.m. on a clear day in February. The vehicle was traveling at the posted speed limit, had all of the conventional lighting features, and its physical shape had not been altered in any way. Only one half of the vehicle, the lower half, was painted with the green, gold, black, and white foliage configuration, the upper half was covered with a plain green canvas. This Court fails to comprehend how, under these circumstances, this vehicle was substantially different from any other vehicle on the highway that day. This Court therefore concludes that the camouflage pattern was not the proximate cause of the accident in question. After a careful review of the plaintiff's complaint, it is clear that the plaintiff has no legal claim for relief under any theory of tort law against the United States.

### III. *Conclusion*

For the reasons stated herein, the defendant's motion for summary judgment is GRANTED, and JUDGMENT is heretofore ENTERED in favor of the defendant and against the plaintiff.

IT IS SO ORDERED AND ADJUDGED.

---

7. The actual language in the plaintiff's brief reads as follows:

The scope of the prior suit related solely to the negligent operation of the truck and thus it did not include nor afford within its scope an opportunity to litigate the alleged negligence of employees of the United States for improper instruction on how to make the truck more visible, which is the theory under which this action has been brought.

*Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss/Motion for Summary Judgment* at 9.