UNITED STATES of America,
Defendant/Third–Party
Plaintiff/Appellee,

v.

STATE OF HAWAII, Third–Party
Defendant/Appellant.

No. 86–2759.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 1987.

Decided Nov. 17, 1987.

Mark J. Bennett, Honolulu, Hawaii, for defendant/third-party plaintiff/appellee.

Steven S. Michaels, Honolulu, Hawaii, for third-party defendant/appellant.

Before WRIGHT, FARRIS and THOMPSON, Circuit Judges.

PER CURIAM:

I

FACTS AND PROCEEDINGS

Curtis and Nancy Lee brought suit in Hawaii state court for injuries suffered

when Curtis' car was struck by a jeep driven by Milton Yee, a sergeant in the Hawaii National Guard. The United States removed the case to the federal district court in Hawaii. After the Lees voluntarily dismissed the State of Hawaii as a defendant, the United States filed a third-party complaint against Hawaii. After settlement negotiations, the United States agreed to pay the Lees $40,000. In return, the Lees released their claims against all parties, including Hawaii. The settlement agreement preserved the United States' right to contribution against Hawaii. The United States ultimately obtained judgment against the State of Hawaii for $36,000 on the claim for contribution. Hawaii appeals from this judgment.

## II

## DISCUSSION

### A. *Jurisdiction*

#### 1. *28 U.S.C. § 1345*

█ Hawaii argues that the federal district court lacked jurisdiction to hear the United States' third-party claim because under state law only Hawaii state courts have jurisdiction to hear tort claims against Hawaii. Haw. Rev. Stat. § 662–3. Under federal law, however, "the district courts shall have original jurisdiction of all civil actions, suits or proceedings *commenced* by the United States...." 28 U.S.C. § 1345 (1982) (emphasis added). If the action against Hawaii was "commenced" by the United States' filing of the third-party complaint, the district court had jurisdiction under 28 U.S.C. § 1345 even though Hawaii law provides that the suit must be heard in a Hawaii state court. *See United States v. California,* 655 F.2d 914, 918 (9th Cir.1980).

█ We agree with those courts that have held that the filing of third-party complaint "commences" a civil action. *See Ortiz v. United States Government,* 595 F.2d 65, 70 (1st Cir.1979); *United States v. Illi-*

nois, 454 F.2d 297, 301 (7th Cir.1971), *cert. denied,* 406 U.S. 918, 92 S.Ct. 1767, 32 L.Ed.2d 117 (1972); *Lee v. Brooks,* 315 F.Supp. 729, 731–32 (D.Haw.1970). *But see Parks v. United States,* 241 F.Supp. 297, 298 (N.D.N.Y.1965) (filing third-party complaint not "commencement" of action). Because a direct action for contribution may be brought by the federal government against a state in the federal district courts, no principled reason exists to treat a third-party complaint for contribution differently when the question is one of jurisdiction under section 1345.[1] A contrary decision would undermine the purpose of Fed.R.Civ.P. 14, which is "to promote judicial efficiency by eliminating 'circuity of actions.'" 6 C. Wright & A. Miller, *Federal Practice and Procedure: Civil,* § 1422, at 202. Accordingly, we hold that the action for contribution against Hawaii was commenced by the filing of the United States' third-party complaint, and that the district court had jurisdiction under 28 U.S.C. § 1345 to decide the government's contribution claim, notwithstanding Hawaii's attempt to limit adjudication of tort claims against it to its own courts.

#### 2. *The Eleventh Amendment Argument*

█ Hawaii concedes the eleventh amendment does not prohibit suits by the United States against a state. *See United States v. Texas,* 143 U.S. 621, 12 S.Ct. 488, 36 L.Ed. 285 (1892); *United States v. California,* 328 F.2d 729 (9th Cir.), *cert. denied,* 379 U.S. 817, 85 S.Ct. 34, 13 L.Ed.2d 29 (1964). Hawaii argues, however, that the eleventh amendment bars suit in federal court because the United States is attempting to collect on claims the Lees could not have brought in federal court. The United States is prosecuting its contribution claim, not the Lees' underlying claims. The eleventh amendment does not preclude it from doing so.

---

**1.** This result also accords with our policy that we view a third-party plaintiff as an "original plaintiff" in deciding whether third-party claims are ancillary to a cognizable federal claim. *See*

*United States v. City of Twin Falls,* 806 F.2d 862, 867 (9th Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 3185, 96 L.Ed.2d 674 (1987).

### B. Right to Contribution

Hawaii next argues that even if the eleventh amendment does not bar this action, federal and state law insulated the state from liability to the Lees. Because of this, Hawaii contends it was not a joint tortfeasor and therefore the United States cannot obtain contribution from it under the Uniform Contribution Among Tortfeasors Act, Haw.Rev.Stat. § 663–12. We reject this argument.

#### 1. 1981 Amendment to the Federal Tort Claims Act

In 1981, Congress found there was a "substantial risk of personal liability by National Guard personnel engaged in Federal training activity." H.R.Rep. No. 384, 97th Cong., 1st Sess. at 3 (1981), reprinted in 1981 U.S.Code Cong. & Admin.News at 2692, 2694. This unfortunate happenstance arose from the confluence of three related factors: (1) only limited administrative relief was available under the National Guard Claims Act, 32 U.S.C. § 715 (1982); (2) National Guard personnel who had not been called up to active federal duty were state employees, not employees of the federal government under the FTCA; and (3) many states had "not waived sovereign immunity or consented to be sued for the negligent acts of their employees [and, therefore,] many plaintiffs were left without a remedy." Lee v. Yee, 643 F.Supp. 593, 599 (D.Haw.1986). As a consequence, Congress amended the FTCA to make the federal government liable for acts or omissions of National Guard personnel which occur during federal training activities. P.L. No. 97–124, § 1, 95 Stat. 1666 (1981) (amending 28 U.S.C. § 2671).

Hawaii argues that by enacting the 1981 amendment to the FTCA, Congress intended to eliminate any liability of the states for acts or omissions of National Guard members during federal training. Hawaii's argument rests on language in the preamble to the 1981 amendment and the amendment's legislative history.

#### a. The Preamble Language

The language of the preamble provides that the purpose of the amendment is to "extend the Federal tort claims provisions of Title 28, United States Code, to acts or omissions of members of the National Guard, and to provide that the remedy under those provisions shall be *exclusive* [in] medical malpractice actions involving members of the National Guard." Pub.L. No. 97–124, 95 Stat. 1666 (1981) (emphasis added). That the remedy is exclusive only in cases of medical malpractice is evident from the legislative history. See, e.g., 127 Cong.Rec. 31993–94 (Dec. 16, 1981) (remarks of Sen. Thurmond) ("There is a pressing need for this legislation which extends [the FTCA] to the National Guard when it is engaged in certain federally authorized training activities. *It would also make the FTCA the exclusive remedy for claims based on the ... malpractice of National Guard medical personnel*." (emphasis added). Hawaii argues that a Congressional Budget Office estimate and a letter from the Chairman of the House Armed Services Committee indicate that the United States is also the exclusive defendant when individuals have been injured as a result of federally authorized training activities. For the reasons stated in the district court opinion, we reject this argument. See Lee v. Yee, 643 F.Supp. at 599–60. We conclude that the language of the preamble does not evidence a congressional intent to make the FTCA the exclusive remedy in actions against National Guards, except perhaps in medical malpractice actions.

#### b. Legislative History

Hawaii next points to a report of the House Judiciary Committee:

[T]he Federal liability for damages arising out of the acts or omissions of National Guard personnel during Federal training [should] be equivalent to Federal liability for the acts or omissions of Air Force and Army Reserve personnel which arise out of their identical training.

H.R.Rep. No. 384, 95th Cong., 1st Sess. 4–5 (1981), reprinted in 1981 U.S.Code Cong. & Admin.News 2692, 2695. Hawaii argues that because it is not liable for torts

of United States Air Force and Army Reserve personnel, it should not be liable for torts of National Guard personnel "which arise out of their identical training." We reject this argument.

There is a fundamental difference between the National Guard on the one hand, and the Air Force and Army Reserve on the other. "Except when federalized, the Guard is under the direct order of the State Governments." H.R.Rep. No. 384, *supra,* at 2, *reprinted in* 1981 U.S.Code Cong. & Admin.News at 2692. Even during periods of federal training activities, "actual command [of the Guard] is maintained by the States as a matter of law...." *Id.* at 4, U.S.Code Cong. & Admin.News 1981 at 2695. The Air Force and Army Reserve, in contrast, are always under the exclusive control of the federal government. Therefore, a state will have no liability for torts committed by Air Force and Army Reserve personnel. That reasoning does not apply to National Guard personnel who, as a general rule, are under the control of the states.

We conclude that nothing in the 1981 amendment, the preamble to the amendment, or the legislative history establishes a congressional intent to displace liability the states might have for torts of National Guard personnel.

### 2. *Hawaii Derivative Liability*

The driver of the jeep was a federal employee at the time of the accident and therefore was immune from suit under the Federal Drivers' Act, 28 U.S.C. § 2679(b) (1982). Hawaii argues that because the driver was immune from liability Hawaii cannot be derivatively liable. It cites *Hulsman v. Hemmeter Development Corp.,* 65 Haw. 58, 647 P.2d 713 (1982) in support of this proposition.

Under the Federal Drivers' Act, suit against the federal government is the exclusive remedy for accidents caused by a federal employee while operating a motor vehicle within the scope of his employment. 28 U.S.C. § 2679(b). The employee driver is relieved from liability, and the federal government is substituted as the party to

be sued. The purpose of the Act is to relieve a federal employee from the need to insure against personal liability arising out of the negligent operation of a motor vehicle in the course of federal employment. *See Noga v. United States,* 411 F.2d 943 (9th Cir.), *cert. denied,* 396 U.S. 841, 90 S.Ct. 104, 24 L.Ed.2d 92 (1969); *accord Nasuti v. Scannell,* 792 F.2d 264, 265 (1st Cir.1986).

Hawaii's reliance on *Hulsman* is misplaced. That case held that the state could not be derivatively liable for the actions of a probation officer who was immune from liability. *Hulsman,* 65 Haw. 58, 647 P.2d 713, 719 (1982). The unstated assumption in the case is that nobody should have been liable. That assumption does not hold under the Federal Driver's Act, which shields only the employee and not the federal government from liability. The assumption under the Act is that some entity will be derivatively liable for the driver's negligence. Therefore, the Act cannot be interpreted to insulate Hawaii from derivative liability for the driver's negligence.

### 3. *Amendment of the State Tort Liability Act*

By Act of May 17, 1986, the Hawaii legislature amended the State Tort Liability Act ("STLA") to provide that Hawaii does not waive its sovereign immunity for the negligent acts of National Guard personnel occurring during federal training programs. Haw.Rev.Stat. § 662–15 (1986). Hawaii argues that the amended version of the STLA should have been applied retroactively to bar the Lees from suing Hawaii. If this had been done Hawaii argues that it could not have been a joint tortfeasor, and therefore is not liable for contribution.

The amendment will not apply retroactively unless the legislature clearly intended to apply it retroactively. This is particularly true if retroactive application would take away or impair vested rights or "attach a new disability in respect to transactions ... already past." *Clark v. Cassidy,* 64 Haw. 74, 79, 636 P.2d 1344, 1346–47 (1981).

Hawaii argues that because the Lees did not have a final judgment when the amendment was enacted, the amendment did not eliminate a vested right, but only curtailed a possible remedy. This argument places too much emphasis on the "vesting" of a right to the exclusion of the broader language of *Clark v. Cassidy.* Even if we assume retroactive application of the amendment would not have affected a "vested right," retroactive application would have imposed a "disability" on the Lees' right to recover "in respect to transactions ... already past." *See Graham Construction Supply, Inc. v. Shrader Construction Co., Inc.,* 63 Haw. 540, 545, 632 P.2d 649, 652 (1981). Given this fact and the fact that there is no evidence that the legislature intended to apply the amendment retroactively, we refuse to apply it to this case.

We conclude that Hawaii can be derivatively liable as a joint tortfeasor for the negligence of the National Guardsman.

### C. *Apportionment of Damages*

At the time of the accident, Sergeant Yee was primarily under the State of Hawaii's control and performing services for the State. Substantial evidence supports the district court's allocation of 90% of the liability to the State of Hawaii. This allocation is not clearly erroneous, and we will not disturb it on appeal. *United States ex rel. Morgan & Son v. Timberland Paving & Construction Co.,* 745 F.2d 595, 599 (9th Cir.1984).

### III

### CONCLUSION

State law does not prevent this action from being maintained in federal court. The eleventh amendment does not bar the United States' claim for contribution from Hawaii. Neither the language of the 1981 amendment to the Federal Tort Claims Act nor its legislative history discloses any congressional intent to make the Act the sole and exclusive remedy for the Lees' claims. The Federal Drivers' Act, 28 U.S.C. § 2679(b), does not shield Hawaii from lia-

bility for Sergeant Yee's negligence. The amendment to Hawaii's State Tort Liability Act may not be applied retroactively. Hawaii was a joint tortfeasor, together with the United States, and the district court did not err in apportioning liability for damages on the basis of 90% to the State of Hawaii and 10% to the United States.

AFFIRMED.