**MATLACK, INC., a Delaware Corporation, Plaintiff,**

v.

**Jeffrey A. TREADWAY, Defendant.**

**Civ. A. No. 3:89–1536.**

United States District Court,
S.D. West Virginia,
at Huntington.

Feb. 13, 1990.

John S. Haight, Kay, Casto, Chaney, Love & Wise, Charleston, W.Va., for plaintiff.

Steven Horn, Asst. U.S. Atty., Charleston, W.Va., for defendant.

---

## MEMORANDUM OPINION AND ORDER

STAKER, District Judge.

This case is currently before the court on a motion to dismiss, pursuant to Rule 12(b)(1) and Rule 12(h)(3), Fed.R.Civ.P., for lack of subject matter jurisdiction, which has been filed by the United States Attorney on behalf of the defendant. The plaintiff has moved that the motion be denied or that the plaintiff be granted an extension of time to respond to the motion so that it may engage in discovery. The court is of the opinion that the defendant's motion should be granted, the plaintiff's motion denied, and the case dismissed for want of subject matter jurisdiction.

### I. FACTS

The relevant facts are not complex and require little elucidation. The complaint alleges that on July 14, 1989, while the plaintiff's tractor-trailer was being driven on a public highway in the state of West Virginia, a tractor-trailer driven by the defendant pulled out in front of the plaintiff's truck from the berm of the road without warning and in a negligent manner. It is further alleged that this action by the defendant resulted in a collision between the two trucks and that the plaintiff has suffered damages by way of the destruction of its trailer, damage to its tractor, and the resultant loss of use of the tractor, *inter alia*. Therefore, the plaintiff demands judgment against the defendant in the amount of one hundred and twenty-five thousand dollars ($125,000.00). This court, it is alleged, has jurisdiction of the action pursuant to diversity jurisdiction, 28 U.S.C.A. § 1332 (West 1966 & Supp.1989), as the plaintiff is a Delaware corporation, the defendant is a West Virginia resident, and the amount in controversy exceeds fifty thousand dollars ($50,000.00).

### II. MOTION TO DISMISS

In lieu of an answer by the defendant, the United States Attorney for the Southern District of West Virginia has filed a motion to dismiss, alleging that the court does not have subject matter jurisdiction of the cause, and that it should be dismissed pursuant to Fed.R.Civ.P. 12(h)(3). As grounds for this motion, it is alleged that at the time of the accident the defendant was a member of the West Virginia Army National Guard (the Guard) and was engaged in training or duty pursuant to 32 U.S.C.A. § 503 (West 1959) and, therefore, the plaintiff's exclusive remedy is an action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. §§ 2671–2680 (West 1965 & Supp.1989). Since the plaintiff has not first presented an administrative claim to the appropriate federal agency, as required by 28 U.S.C.A. § 2675, this court lacks subject matter jurisdiction to decide the case.

The United States has certified, pursuant to 28 U.S.C.A. § 2679(d)(1), that the defendant was acting within the scope of his employment and line of duty as an employee of the United States at the time of the incident. A notarized affidavit executed by Colonel Manuel Goble, Chief of Staff of the Guard, states the same and, in addition, that no administrative claim has been filed, according to his knowledge and the records of the Guard.

Plaintiff responds to the motion by asking that it be denied, or, in the alternative, that the court grant an extension of time for discovery and factual development before requiring a substantive response to the motion. As support for its motion for an extension of time, the plaintiff argues that the court is not required to accept the certification of the United States Attorney or the affidavit of Colonel Goble as conclusive or dispositive of the issue raised in the motion to dismiss and that the plaintiff should be allowed to explore the "precise nature of [defendant's] activities on the day in question."

### III. BACKGROUND

A. *National Guard Members as Federal Employees—*

In the past, members of a state's National Guard unit were not considered "employees" of the United States for purposes of rendering the United States amenable to

suit under the FTCA, even when they were participating in two-week training exercises, as mandated by 32 U.S.C.A. § 502 (West Supp.1989), and even if they were driving vehicles supplied by the federal government. *See Spangler v. U.S.*, 185 F.Supp. 531 (S.D.Ohio 1960). The cases uniformly held that National Guard members, with the exception of those serving the District of Columbia, were only "employees" if their unit was ordered into "active federal service." *Compare Satcher v. United States*, 101 F.Supp. 919 (W.D.S.C. 1952) *with O'Toole v. United States*, 206 F.2d 912 (3d Cir.1953) (District of Columbia members are employees of the United States because of "the uniquely different position" of the D.C. National Guard); *see* Annotation, *Who is an "Employee of the Government" for Whose Conduct the United States May Be Held Liable Under the Federal Tort Claims Act—Federal Cases*, 14 L.Ed.2d 892, 903 (1966).

Starting with the case of *United States v. Holly*, 192 F.2d 221 (10th Cir.1951), a line of cases held that civilian "caretakers" of government equipment were employees of the United States for FTCA purposes. In *Maryland v. United States*, 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205 (1965), *vacated on other grounds* 382 U.S. 159, 86 S.Ct. 305, 15 L.Ed.2d 227 (1965), the Court rejected this line of cases, holding that members of a state National Guard unit were not federal employees, whether they were "caretakers" or military members, and that "the United States cannot be held liable under the Tort Claims Act for [their] negligence in either capacity." *Id.* 381 U.S. at 46, 85 S.Ct. at 1297, 14 L.Ed.2d at 209. The Court relied on congressional purpose and administrative practice to conclude "that civilian as well as military personnel of the Guard are to be treated for the purposes of the Tort Claims Act as employees of the States and not of the Federal Government." *Id.* at 53, 85 S.Ct. at 1300, 14 L.Ed.2d at 212. In 1968, however, Congress enacted the National Guard Technicians Act, substituting "Technicians: employment, use, status" for "Caretakers and clerks" in the catchline of 32 U.S.C.A. § 709 (West Supp.1989) and providing that such a "technician ... is ... an employee of the United States." 32 U.S.C.A. § 709(d). Thereby, Congress legislatively overruled one of the holdings of *Maryland v. United States, supra.*

**B.** *1981 Amendment to the Federal Tort Claims Act—*

The FTCA was amended in 1981 to afford protection from liability for negligent conduct to "members of the National Guard while engaged in training or duty under section 316, 502, 503, 504, or 505 of Title 32" and to make the United States government liable for such conduct. 28 U.S.C.A. § 2671; *see also Rhodes v. United States*, 760 F.2d 1180, 1183 (11th Cir. 1985); *Holdiness v. Stroud*, 808 F.2d 417 (5th Cir.1987); *United States v. State of Hawaii*, 832 F.2d 1116, 1118 (9th Cir.1987). The amendment specifically states that such a member is an "[e]mployee of the government" and "[t]he only proper defendant in a suit under the Act ... is the United States." *Holdiness*, 808 F.2d at 425; 28 U.S.C.A. § 2671.

**C.** *1988 Amendment to the Federal Tort Claims Act—*

The FTCA was further amended in 1988 by the enactment of the Federal Employees Liability Reform and Tort Compensation Act, which became effective on November 18, 1988. The stated purpose of this Act was to "protect federal employees from personal liability for common law torts committed within the scope of their employment, while providing persons injured by the common law torts of federal employees with an appropriate remedy against the United States." Liability Reform Act, § 2(b). "To achieve this purpose, the Act states that the remedies provided by 28 U.S.C. Sections 1346(b), 2672 are to be the exclusive remedy for torts committed by federal employees while acting in the scope of their employment, and precludes any action against the employee himself." *Mitchell v. United States*, 709 F.Supp. 767, 768 (W.D.Tex.1989).

When suit is originally brought against an individual federal employee, the Act

provides that the United States "shall be substituted as the party defendant" upon certification by the Attorney General that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." [Liability Reform Act] at Section 6, *amending* 28 U.S.C. section 2679(d). Upon certification, the action is simply to be "deemed an action against the United States." *Id.* By using the words *"shall* be substituted" and *"shall* be deemed" Congress has expressed its intent that the substitution of the United States as party defendant be the *automatic* result of certification by the Attorney General that the employee was acting within the scope of his office.

*Id.* at 768 (emphasis in original). "Indeed[,] the Act makes no provision for judicial review of the Attorney General's determination that an employee was acting within the scope of his employment." *Id.,* n. 4.

## IV. ANALYSIS

The various amendments to the FTCA apply to the present case, as the accident involved here occurred subsequent to their effective dates of enactment.

After an exhaustive review of the caselaw, this court has been unable to locate a case which specifically holds that a National Guard member, sued for alleged negligent acts committed within the scope of his or her employment after the effective date of the 1981 amendment to 28 U.S.C.A. § 2671, is immune from liability for such negligence and that any action must lie against the United States as the proper defendant under the FTCA. Perhaps this is because such holding is found in the express language of the FTCA, as amended in 1981 and 1988.

This is not a case where the FTCA, as interpreted by the Supreme Court in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), does not apply to a suit against the United States because it involves military decision-making and/or disciplinary matters. *See Brown v. United States,* 739 F.2d 362 (8th Cir.1984); *Stauber v. Cline,* 837 F.2d 395 (9th Cir.), *cert.*

*denied* —— U.S. ——, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988). In fact, the *Feres* doctrine does not usually apply to suits involving civilians as plaintiffs. *See McGowan v. Scoggins,* 890 F.2d 128 (9th Cir.1989).

This is also not a case where the court must apply federal common law pertaining to the definition of an "employee" for purposes of an FTCA action. *See Brandes v. United States,* 783 F.2d 895 (9th Cir.1986) (fiancée of a Veterans Administration employee involved in an accident while driving a government vehicle is not an "employee"); *Sellers v. United States,* 672 F.Supp. 446 (D.Idaho 1987) (prospective juror in a federal court case is not an "employee" and the United States government is not liable for injuries sustained by plaintiff as a result of an automobile accident which occurred while juror was travelling to the courthouse).

Finally, this is not a case where there is a wrong without a remedy. Congress has provided a remedy for plaintiffs in circumstances such as those involved in the instant case.

This is a case brought by a civilian plaintiff against a member of the National Guard for negligence leading to a vehicular collision on a date subsequent to the enactment and effective dates of the amendments to the FTCA, by which alleged negligence the plaintiff sustained damage to its property. The federal law to be applied lies within the four corners of the United States Code and the remedy provided by Congress under the FTCA controls the disposition of the action.

While no case directly on point has been found, there are cases which discuss the 1981 amendment to the FTCA and recognize that the statute has radically changed existing common law. For example, in *Rhodes, supra,* the Eleventh Circuit held that the district court had no subject matter jurisdiction of a cause of action brought by a civilian plaintiff against the United States government based on the alleged negligence of a National Guard member, for the member was not a federal employee for purposes of the FTCA, as he was not in active federal service at the time of the

accident. The court noted that the FTCA had been amended to provide that Guard members were employees of the United States, but that this amendment came "too late to avail the plaintiffs here, as it applies only to claims arising after December 31, 1981." *Id.,* 760 F.2d at 1183. The accident in that case had occurred on June 12, 1973. Moreover, in *Lee v. Yee,* 643 F.Supp. 593 (D.Hawaii 1986), *affirmed sub nom. United States v. Hawaii,* 832 F.2d 1116 (9th Cir.1987), the court stated as part of its analysis of the issue presented in the case that "[a]t the time of the accident, [the National Guard member] was on duty and entitled to be paid pursuant to the provisions of 32 U.S.C. § 503....Therefore, at the time of the accident, for purposes of the FTCA, [the National Guard member] was an employee of the U.S. government, within the statutory definition of 28 U.S.C. § 2671." *Id.* at 597. In *Lee,* as in the present case, the United States had conceded "that [the National Guard member] was acting within the line of duty pursuant to 28 U.S.C. § 2671" by way of affidavits and statements of the National Guard Captain. *See also Russell v. United States,* 626 F.Supp. 1217 (S.D.Ind.1986).

By enacting the Federal Tort Claims Act, Congress decided to waive the sovereign immunity of the United States government in certain circumstances, and delineated the procedure to be followed in filing claims thereunder. "Under the Federal Tort Claims Act ... no claim may be sued upon that was not presented first at the appropriate agency." *Glickman v. United States,* 626 F.Supp. 171, 173 (S.D.N.Y. 1985); *see* 28 U.S.C.A. §§ 2401(b) and 2675(a). The Attorney General, pursuant to statutory authority found at 28 U.S.C.A. § 2672, has promulgated detailed administrative regulations on behalf of the Department of the Army for procedures to be followed in processing claims arising from activities of National Guard personnel while engaged in duty or training at 32 C.F.R. §§ 536.70—.81 (1989).

> Courts have consistently held that, "The assertion of an appropriate administrative claim is jurisdictional and in its absence a complaint under the Federal Tort Claims Act must be dismissed.... No principle of waiver or estoppel can operate against the government with respect to this jurisdictional prerequisite."

*Harrah v. Miller,* 558 F.Supp. 702, 704–05 (S.D.W.V.1983) (citations omitted). The plaintiff's failure to file a claim with the proper administrative agency mandates dismissal of an action brought in district court under the Federal Tort Claims Act. *Henderson v. United States,* 785 F.2d 121 (4th Cir.1986).

## V. CONCLUSION AND ORDER

Since the United States Attorney and the Chief of Staff of the West Virginia National Guard have certified pursuant to 28 U.S.C.A. § 2679(d)(1) that the defendant in this case, Jeffrey A. Treadway, was acting within the scope of his employment and line of duty as an employee of the United States pursuant to 32 U.S.C.A. § 503 at the time of the incident giving rise to the complaint in this action and since the plaintiff has not presented an administrative claim to the appropriate federal agency as required by 28 U.S.C.A. § 2675, this court lacks subject matter jurisdiction over the action.

Therefore, it is hereby ORDERED that the United States be substituted as the party defendant and the motion of the United States to dismiss for lack of subject matter jurisdiction be, and the same hereby is, GRANTED. The motion of the plaintiff for an extension of time to respond to the motion of the United States is DENIED and this case will be dismissed without prejudice.