**Bennie ROBINSON and Phyllis Robinson, Plaintiffs,**

v.

**Fred MARANO, Defendant.**

No. 99–CV–1438.

United States District Court,
N.D. New York.

Jan. 4, 2000.

Bennie and Phyllis Robinson, Albany, NY, pro se.

James C. Woods, Asst. U.S. Atty., Office of United States Attorney, Albany, NY, for Defendant.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

On or about August 24, 1999, Plaintiffs filed a Complaint in Albany City Court alleging a claim of negligence arising out of an automobile accident between the parties on February 8, 1999. As Defendant Fred Marano is an employee of the United States, on September 9, 1999, Defendant removed the matter to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2). *See* Notice of Removal, at ¶ 3 (Docket No. 1). Pursuant to 28 U.S.C. § 2679(d)(2), the United States Attorney (acting through an Assistant United States Attorney and on behalf of the Attorney General) certified that the defendant, Fred Marano, was acting within the scope of his employment as an employee of the U.S. Department of Housing and Urban Development at the time of the accident.[1] *See* Notice of Removal at ¶ 4 and accompanying Ex. 2 (certification by AUSA James C. Woods dated September 3, 1999).

On October 15, 1999, Defendant filed a Motion to Dismiss with the Clerk of the Court, which was returnable on the Court's December 13, 1999 motion calendar in Albany, New York.[2] Because Plaintiffs, who presently appear *pro se,* failed to submit any papers in opposition to Defendant's motion, the Court, on its own initiative, adjourned the return date to the December 23, 1999 motion calendar in Binghamton, New York to afford Plaintiffs additional time in which to submit opposition papers. By letter docketed December 13, 1999, Plaintiffs requested an ad-

---

1. Defendant acknowledges that Plaintiffs filed an administrative claim with the Drug Enforcement Agency on June 1, 1999 seeking monetary damages for property damages and personal injuries, which was subsequently denied. *See* Def. Mem. of Law at 2.

2. Although Defendant's Notice of Motion simply states that he seeks to dismiss the Complaint, in his supporting Memorandum of Law Defendant argues that "this case should be dismissed or summary judgment granted in favor of the United States." Def. Mem. of Law at 4.

journment to a motion calendar in Albany, New York. *See* Docket No. 9.

In a Decision & Order dated December 17, 1999, this Court granted Plaintiffs one final adjournment and made Defendant's motion returnable on the Court's January 10, 1999 motion calendar in Albany, New York. *See Robinson v. Marano*, 99–CV–1438, at 2 (N.D.N.Y. Dec. 17, 1999). The Court also ordered Plaintiffs to file and serve their opposition papers to Defendant's motion to dismiss by December 30, 1999 and that Plaintiffs' failure to file opposition papers may result in the dismissal of the Complaint.[3] *See id.* Plaintiffs failed to submit any opposition papers to Defendant's motion within the Court's prescribed deadline.

In moving to dismiss the Complaint, the United States argues that under the provisions of 28 U.S.C. § 2679, "[federal] employees are insulated from personal liability for injuries caused by negligent acts in operation of motor vehicles while acting within their course of employment." *See* Def. Mem. of Law at 3 (citing 28 U.S.C. § 2679(b)(1)). While this is a correct statement of the law, the government's argument fails to mention that as a consequence of immunizing federal employees from personal liability for torts committed within the course of their employment, a plaintiff's exclusive remedy for his or her injuries lies solely in an action against the United States. *See* 28 U.S.C. §§ 2679(b)-(d).

The purpose of section 2679(b)(1) is to "exclude[ ] actions against [government] employees for injuries which result from the employee's operation of a motor vehicle while within the scope of his employment." *Carr v. United States*, 422 F.2d 1007, 1009–10 (4th Cir.1970); *see also Henderson v. United States*, 429 F.2d 588, 589–90 (10th Cir.1970). Statutory immunity for the federal employee is, however,

only one of the consequences that flows from the Government's certification that the employee was acting within the scope of his employment at the time of the accident.[4] The substitution of the United States as the defendant is an *automatic consequence* of the U.S. Attorney's (acting through an Assistant United States Attorney and on behalf of the Attorney General) certification. *See* 28 U.S.C. § 2679(d)(2) ("Upon certification by the Attorney General ... [the] action ... *shall be* deemed to be an action ... brought against the United States ... and the United States *shall be* substituted as the party defendant.") (emphasis added); *see also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 417, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995) ("Ordinarily, upon such certification, the employee is dismissed from the action, the United States is substituted as defendant, and the case proceeds under the Federal Tort Claims Act (FTCA)."); *B & A Marine Co., Inc. v. American Foreign Shipping Co., Inc.*, 23 F.3d 709, 713 (2d Cir.) ("To emphasize the exclusivity of the remedy against the United States under the [Federal Tort Claims Act], [section] 2679(d) *requires* that the United States be substituted as the party defendant upon certification by the Attorney General or the court that the defendant employee was acting within the scope of his employment.") (emphasis added), *cert. denied*, 513 U.S. 961, 115 S.Ct. 421, 130 L.Ed.2d 336 (1994); *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir.1990) ("Although ... [the] scope certification is not dispositive for purposes of substitution, it indicates that the United States is substituted as an *automatic consequence* of the [government's] certification. Unless the plaintiff challenges the scope determination, the court is entitled to treat the [government's] certification as prima facie evidence that the employee

---

**3.** The parties were informed that the Court would not hear oral argument in connection with Defendant's motion and, thus, would decide the motion on a submit basis.

**4.** The Attorney General's scope certification is entitled to judicial deference for removal purposes only. *See supra,* page 98.

conduct at issue occurred within the scope of the employment.") (emphasis added), *cert. denied,* 502 U.S. 813, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991); *Mays v. United States Postal Serv.,* 928 F.Supp. 1552, 1561 (M.D.Ala.1996), *aff'd,* 122 F.3d 43 (11th Cir.1997); *McHugh v. University of Vermont,* 758 F.Supp. 945, 950 (D.Vt.1991) ("[The] [Federal Tort Claims Act] provides that substitution of the United States for an individual defendant is automatic once the Attorney General certifies that an individual defendant was acting within the scope of his or her employment."), *aff'd,* 966 F.2d 67 (2d Cir.1992); *Matlack, Inc. v. Treadway,* 729 F.Supp. 1574, 1577 (S.D.W.Va.1990) ("By using the words 'shall be substituted' and 'shall be deemed' Congress has expressed its intent that the substitution of the United States as party defendant be the *automatic* result of certification by the Attorney General that the employee was acting within the scope of his office.") (quotation omitted) (emphasis in original). The Attorney General's certification that a federal employee was acting within the scope of his employment does not, however, "conclusively establish as correct the substitution of the United States as defendant in place of the employee," *Gutierrez de Martinez,* 515 U.S. at 434, 115 S.Ct. 2227, and, thus, is subject to judicial review by the district court.[5] *See id.; Maron v. United States,* 126 F.3d 317, 321 (4th Cir.1997); *S.J. & W. Ranch, Inc.,* 913 F.2d at 1543. Upon certification, the matter shall proceed as any action against the United States under the Federal Tort Claims Act. *See* 28 U.S.C. § 2679(d)(4); *see also Maron,* 126 F.3d at 321 ("Once [the Attorney General's] certification has been made, the United States is substituted as the sole defendant and all suits filed in state court are removed to federal court; then the plaintiff's sole route for recovery is the Tort Claims Act.").

Based on the foregoing, the Court orders that all claims against defendant Fred Marano are dismissed and the United States is substituted as the defendant in this action.

**IT IS SO ORDERED.**

---

5. Plaintiffs have not filed any opposition challenging the government's certification in this